**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| **TALLEY ANNE REEB**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**FLORIDA DEPARTMENT OF HEALTH**,<br><br>Defendant. | **CIVIL ACTION**<br><br>**Case No. 2:26-cv-2381**<br><br>**Judge:**<br><br>**Mag. Judge:** |

**<u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>**

NOW COMES Plaintiff, **TALLEY ANNE REEB** ("Plaintiff" or "Ms. Reeb"), by and through undersigned counsel, and brings this action against Defendant, **FLORIDA DEPARTMENT OF HEALTH** ("Defendant" or "FDOH"), and alleges as follows:

**<u>INTRODUCTION</u>**

1. This is an employment disability discrimination action brought under Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794.

**<u>JURISDICTION AND VENUE</u>**

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

3. Section 504 prohibits disability discrimination against an otherwise qualified individual with a disability under any program or activity receiving federal financial assistance, and "program or activity" includes all operations of a state department, agency, or other instrumentality that receives such assistance.

4. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and Plaintiff resides in this District. Plaintiff resides in Cape Coral, Florida.

5. Venue is proper in the Fort Myers Division because Lee County is within the Fort Myers Division of the Middle District of Florida.

## PARTIES

6. Plaintiff Talleyanne Reeb is an individual who resides in Cape Coral, Florida.

7. Defendant Florida Department of Health was Plaintiff's employer and, upon information and belief, is a department, agency, instrumentality, program, or activity of the State of Florida that receives federal financial assistance within the meaning of Section 504 of the Rehabilitation Act.

## GENERAL ALLEGATIONS

8. Plaintiff began working for Defendant in or around 2001.

9. Plaintiff worked as an Nursing Program Specialist.

10. Plaintiff worked approximately six hours per day, five days per week, and earned approximately $35.00 per hour.

11. During her employment, Plaintiff was promoted, including to Nursing Program Specialist and Director of Nursing.

12. Plaintiff received annual performance reviews, received scores of 5 out of 5 for the last seven years except for one year when she received 4.75, and did not receive negative feedback.

13. Plaintiff has spinal issues related to a workplace injury and has undergone spinal procedures and surgery.

14. Plaintiff also has a reconstructed right ankle following a workplace injury.

15. Plaintiff was injured at work after falling down a set of stairs approximately fifteen years ago, was out of work for approximately fifteen months, and underwent two surgeries.

16. At all material times, Plaintiff was an individual with a disability within the meaning of the Rehabilitation Act.

17. Defendant was aware of Plaintiff's disability.

18. Plaintiff's disability limits her ability to stand and sit for long periods.

19. After her injuries and surgeries, Plaintiff worked remotely except for a few short occasions when she felt able to appear in person for clinical work.

20. Plaintiff's job description identified her position as TeleWork.

21. Plaintiff's position was not an in-person clinical position. Plaintiff's position was a TeleWork position.

22. Plaintiff was fully able to perform all essential functions of her position while working remotely in her TeleWork position.

23. Approximately three years before her separation, Plaintiff moved from Monroe County to Cape Coral in Lee County and continued working remotely.

24. Plaintiff was qualified to perform the essential functions of her Nursing Program Specialist / TeleWork position, with or without reasonable accommodation.

25. Plaintiff's remote work was not a marginal, temporary, or extraordinary arrangement. It was the way Plaintiff had been performing her TeleWork position for years.

26. Plaintiff's position remained a TeleWork position, and physical presence at Defendant's worksite was not an essential function of that position. Nevertheless, Defendant, through Plaintiff's supervisor, began demanding

that Plaintiff appear in person despite the remote nature of the position and despite Plaintiff's ability to perform all essential functions remotely.

27. Requiring Plaintiff to appear in person was not an essential function of Plaintiff's TeleWork position.

28. Plaintiff could perform the essential functions of her job remotely, but she could not perform in-person work because of her disability.

29. Plaintiff requested that Defendant allow her to continue working TeleWork, and two doctors recommended telework.

30. On January 5, 2026, Plaintiff emailed the State of Florida Department of Health attorney handling her ADA application and the Chief Attorney, requesting another review of her file and petition to allow telework instead of forcing her to retire and lose her job.

31. Plaintiff received read receipts from both attorneys but received no response.

32. Plaintiff's requested accommodation was reasonable because it did not require Defendant to create a new position, remove essential job duties, or excuse Plaintiff from performing her work. It required only that Defendant allow Plaintiff to continue performing the essential functions of her existing TeleWork position remotely.

33. Defendant refused to allow Plaintiff to continue working remotely in her TeleWork position.

34. Defendant did not identify or provide an effective alternative accommodation that would have allowed Plaintiff to continue performing the essential functions of her position.

35. On January 16, 2026, Plaintiff emailed her direct supervisor and the FDOH-Monroe administrator, stating that retirement was a forced decision and was not what she wanted or planned.

36. Plaintiff's last day of work, while using leave, was January 19, 2026.

37. Plaintiff's employment ended by retirement on January 20, 2026.

38. Plaintiff's retirement was not voluntary. It was the foreseeable and intended result of Defendant's refusal to allow Plaintiff to continue performing the essential functions of her TeleWork position remotely.

39. Plaintiff documented her employment history, remote work, and efforts to oppose forced retirement.

**COUNT I - VIOLATION OF SECTION 504 OF THE REHABILITATION ACT**

40. Plaintiff incorporates Paragraphs 1 through 39 as though fully set forth herein.

41. At all relevant times, Plaintiff was an individual with a disability within the meaning of the Rehabilitation Act.

42. At all relevant times, Plaintiff was otherwise qualified to perform the essential functions of her Nursing Program Specialist/ TeleWork position, with or without reasonable accommodation.

43. Defendant was aware of Plaintiff's disability and disability-related work restrictions.

44. Plaintiff was fully able to perform all essential functions of her position remotely.

45. Physical presence at Defendant's worksite was not an essential function of Plaintiff's TeleWork position.

46. Plaintiff requested that Defendant allow her to continue performing her TeleWork position remotely.

47. Plaintiff's request was reasonable because she had already been performing the essential functions of her position remotely for years.

48. Defendant failed and refused to allow Plaintiff to continue performing her TeleWork position remotely.

49. Defendant did not provide an equally effective alternative accommodation.

50. Defendant did not engage in a good-faith interactive process designed to identify an effective accommodation that would allow Plaintiff to continue performing her job.

51. Defendant's refusal to allow Plaintiff to continue working remotely prevented Plaintiff from continuing in her employment despite her ability to perform the essential functions of her position.

52. Defendant's conduct forced Plaintiff to retire on January 20, 2026.

53. Defendant discriminated against Plaintiff solely by reason of her disability by refusing to allow her to continue performing her TeleWork position remotely, requiring her to perform a non-essential in-person function, and forcing her out of employment.

54. The acts, failures to act, practices, and policies of Defendant described above constitute disability discrimination and failure to accommodate in violation of Section 504 of the Rehabilitation Act.

55. For employment-discrimination claims under Section 504, the standards used to determine whether the Rehabilitation Act has been violated are the standards applied under Title I of the Americans with Disabilities Act.

56. The Rehabilitation Act provides remedies, procedures, and rights for persons aggrieved by acts or failures to act by recipients of federal assistance under Section 504, and permits the Court to allow a prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

57. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has lost wages, benefits, retirement-related benefits, employment opportunities, and other privileges of employment.

58. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered emotional distress, humiliation, inconvenience, loss of enjoyment of life, and other compensatory damages.

59. Plaintiff is entitled to all relief necessary to make her whole, including monetary relief, attorney's fees, costs, and such other relief as permitted by law.

WHEREFORE, Plaintiff demands judgment against Defendant and requests:

a. Back pay, lost benefits, lost retirement benefits, and all other compensation Plaintiff would have received but for Defendant's unlawful conduct;

b. Front pay in lieu of reinstatement;

c. Compensatory damages;

d. Prejudgment and post-judgment interest;

e. Reasonable attorney's fees and costs; and

f. Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable as of right.

Respectfully submitted,

Dated: August 17, 2026

**/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com